NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000778
23-MAY-2014
09:15 AM**

NOS. CAAP-12-0000778 & CAAP-12-0000868

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NOEL MADAMBA CONTRACTING LLC,
Movant/Cross-Respondent-Appellant,
v.
RAMON ROMERO and CASSIE ROMERO,
Respondents/Cross-Petitioners-Appellees,
and
A&B GREEN BUILDING LLC, Cross-Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 12-1-0210)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

This case involves an allegedly unfinished construction contract ("Contract") at the home of Respondents/Cross-Petitioners-Appellees Ramon and Cassie Romero (the "Romeros"). Patrick K.S.L. Yim served as the arbitrator ("Arbitrator Yim") in the case. On August 1, 2012, the Circuit Court of the First Circuit ("Circuit Court")[1/] confirmed the arbitrator's award. Movant/Cross-Respondent-Appellant Noel Madamba Contracting LLC ("Madamba") timely appealed.

Madamba appeals from the following orders entered in the Circuit Court: the August 27, 2012 Order Granting Respondents/Cross-Petitioners' Application to Confirm Final Award of Arbitrator ("Order Confirming Final Award"); the August 27, 2012 Order Denying Motion to Vacate Final Award of Arbitrator Rendered on April 25, 2012, Filed April 30, 2012; the

---

[1/]     The Honorable Rhonda A. Nishimura presided.

September 20, 2012 Judgment; the October 15, 2012 Order Granting Respondents/Cross-Petitioners' Motion for Attorneys' Fees and Costs and the October 15, 2012 Judgment for Attorneys' Fees and Costs.[2/]

On appeal, Madamba asserts that the trial court erred in (1) precluding Madamba from deposing Cassie Romero ("Cassie") regarding her alleged "fail[ure] to comply with the requirements of [Hawaii Revised Statutes ("HRS")] Chapter 672E before making a demand for arbitration"; (2) denying Madamba's Motion to Vacate Final Award of Arbitrator Rendered on April 25, 2012 ("Motion to Vacate") where the Romeros allegedly "failed to comply with the requirements of HRS Chapter 672E before making a demand for arbitration"; (3) refusing to permit Madamba to depose Dispute Prevention & Resolution, Inc. ("DPR") personnel and Arbitrator Yim regarding Arbitrator Yim's failure to disclose his connection with the Romeros's counsel, Cades Schutte ("Cades"); (4) denying Madamba's Motion to Vacate in light of Arbitrator Yim's failure to disclose his connection with Cades; (5) denying Madamba a jury trial regarding the Romeros's compliance with HRS Chapter 672E and Arbitrator Yim's failure to disclose; (6) issuing the Judgment and Judgment for Attorneys' Fees and Costs as premised on the allegedly erroneous Order Confirming Final Award; and (7) affirming Arbitrator Yim's award of attorneys' fees in favor of the Romeros.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we consolidate Madamba's points and resolve them as follows:

A.    HRS Chapter 672E Issues

Madamba asserts several points of error related to Arbitrator Yim's ruling that the Romeros's September 7, 2010 letter to Madamba specifying, among other things, several alleged workmanship defects ("September 7 Letter") constituted a notice of claim as required by HRS § 672E-3.  We find no error because

_____

[2/]    This is a consolidated appeal.  On November 28, 2012, prior to briefing, this court ordered that appellate case CAAP-12-0000868 be consolidated with and under CAAP-12-0000778.

it was solely for Arbitrator Yim to decide whether that letter satisfied HRS § 672E-3's statutory prerequisite for legal action. *Daiichi Hawai'i Real Estate Corp. v. Lichter*, 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2003); *Ventress v. Japan Airlines*, 603 F.3d 676, 679 (9th Cir. 2010) (applying HRS § 658A-23(a)(4) and citing *Tatibouet v. Ellsworth*, 99 Hawai'i 226, 240, 54 P.3d 397, 411 (2002)).

Madamba argues that HRS § 672E-3 operates as a jurisdictional gateway to arbitration, and that Arbitrator Yim's application of it violated HRS § 658A-23(a)(4). Even if HRS § 672E-3 is considered jurisdictional in nature, Madamba's attempt to garner our review of Arbitrator Yim's ruling through HRS § 658A-23(a)(4) must fail. Madamba's premise, founded on an allegation that the law was erroneously applied, cannot stand as grounds for concluding that the arbitrator exceeded his powers. *Ventress*, 603 F.3d at 679 ("An arbitrator does not exceed the arbitrator's powers by misunderstanding or incorrectly applying the law.").

Moreover, as Madamba correctly observes, satisfaction of HRS § 672E-3 was a condition precedent to a demand for arbitration. HRS § 658A-6, however, divides responsibility for preliminary arbitrability determinations between court and arbitrator, and explicitly assigns sole responsibility *to the arbitrator* for "decid[ing] whether a condition precedent to arbitrability has been fulfilled." HAW. REV. STAT. § 658A-6(c) (Supp. 2013). In light of this statutory delegation and the general principle that parties to arbitration necessarily accept the inherent risk of misapplication of law, *Daiichi*, 103 Hawai'i at 336, 82 P.3d at 422, there was nothing illegitimate about Arbitrator Yim's ruling or his further arbitration of the dispute.[3] For this reason, we find no error with the Circuit

---

[3]    Madamba also argues that the award should be vacated as contrary to public policy, insofar as the result here allegedly contravenes the legislature's express purpose in affording contractors the opportunity to remedy defects prior to the onset of litigation. *See* 2004 Haw. Sess. Laws Act 119, § 1 at 450. Madamba does not identify where in the record it raised its public policy argument below. Assuming for the sake of argument that it did, Madamba fails to show that an explicit public policy, well defined and dominant and ascertained by the laws and legal precedents, has been clearly violated, especially where the legislature has explicitly provided that the

Court's decision to deny Madamba the opportunity to depose Cassie regarding her original conception of the September 7 Letter.

B.     Failure to Disclose and Evident Partiality Issues

Madamba maintains that Arbitrator Yim's failure to disclose the possibility of his entering an attorney-client relationship with Cades demonstrated evident partiality.  Madamba argues that the Circuit Court, having found that Arbitrator Yim should have disclosed this possibility, therefore erred by not vacating the award.

Arbitrators have a statutory duty to "disclose to all parties . . . any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator . . . , including . . . [a]n existing or past relationship with any of the parties . . . , their counsel or representatives, a witness, or another arbitrator."  HAW. REV. STAT. § 658A-12(a)(2) (Supp. 2013).  Arbitrators also have "a continuing obligation to disclose . . . any facts . . . which a reasonable person would consider likely to affect the impartiality of the arbitrator."  HAW. REV. STAT. § 658A-12(b).  The failure to disclose such facts permits, but does not require, a court to vacate an arbitration award.  HAW. REV. STAT. § 658A-12(d).

A court is required, however, to vacate an award where the failure to disclose rises to the level of "evident partiality."  HAW. REV. STAT. § 658A-23(a)(2)(A) (Supp. 2013).  Determining "what constitutes evident partiality . . . is a difficult question," *Kay v. Kaiser Found. Health Plan, Inc.*, 119 Hawaiʻi 219, 226, 194, P.3d 1181, 1188 (App. 2008) (brackets and internal quotation marks omitted), although Hawaiʻi has adopted the Ninth Circuit's interpretation of evident partiality. *Id.*, at 228 n.7, 194 P.3d at 1190 n.7 (citing *Daiichi*, 103 Hawaiʻi at 339, 340, 342, 82 P.3d at 425, 426, 428, and *Sousaris v. Miller*,

---

arbitrator, not the courts, should determine if a condition precedent to arbitration has been fulfilled. *See Inlandboatman's Union of the Pac. v. Sause Bros., Inc.*, 77 Hawaiʻi 187, 193-94, 881 P.2d 1255, 1261-62 (App. 1994) (quoting *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 43 (1987)); HAW. REV. STAT. § 658A-6(c).  Furthermore, there is no indication that Madamba was denied an opportunity to remedy the problems identified in the September 7 Letter; it appears that Madamba simply elected to leave the problems unresolved.

92 Hawai'i 534, 542, 993 P.2d 568, 576 (App. 1998)).

Evident partiality may exist either in the form of actual bias or where "undisclosed facts demonstrate a 'reasonable impression of partiality.'" *See Daiichi*, 103 Hawai'i at 340, 82 P.3d at 426 (quoting *Valrose Maui, Inc. v. Maclyn Morris, Inc.*, 105 F. Supp. 2d 1118, 1124 (D. Haw. 2000)). "However, not all dealings rise to the level of creating the impression . . . of possible bias so as to warrant vacat[ur.]" *Id.* at 341, 82 P.3d at 427. "The burden of proving facts which would establish a reasonable impression of partiality rests squarely on the party challenging the award." *Id.* at 339, 82 P.3d at 425 (quoting *Sheet Metal Workers Int'l Ass'n Local Union #420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 745 (9th Cir. 1985)).

Here, Arbitrator Yim, in agreeing to abide by the DPR Rules governing the arbitration, bound himself to the further duty to disclose "any past, present, or *possible future relationship* with the parties, their witnesses, [and] their counsel. . . ." (Emphasis added.) It is undisputed that Arbitrator Yim failed to disclose that it appeared that he might become a client of Cades for purposes of restating his pension plan. Arbitrator Yim was therefore in violation of the DPR Rules, although not necessarily in violation of HRS § 658A-12(a)(2), as the latter expressly limits disclosure obligations to past or present relationships.

The violation of a disclosure rule does not per se constitute evident partiality. *Compare* HAW. REV. STAT. § 658A-12(c) and (d) (permitting, but not mandating, vacatur for violating a statutory disclosure rule), *with* § 658A-23(a)(2)(A) (mandating vacatur for evident partiality). However, Madamba's position appears to be that where an arbitrator does not disclose a possible future attorney-client relationship with one party's counsel, in violation of a disclosure rule, such nondisclosure necessarily constitutes evident partiality. Our case law is clear, however, that absent evidence of actual bias, a nondisclosure amounts to evident partiality only where the "undisclosed facts demonstrate a reasonable impression of partiality." *Daiichi*, 103 Hawai'i at 340, 82 P.3d at 426

(quoting *Sousaris*, 92 Hawaiʻi at, 542, 993 P.2d at 576) (internal quotation marks omitted).

In addition, under HRS § 658A-12(e), evident partiality under HRS § 658A-23(a)(2) is presumed when an arbitrator fails to disclose a "known, . . . <u>existing</u>, and substantial relationship with a <u>party</u>[.]" HAW. REV. STAT. 658A-12(e) (emphasis added). Here, Madamba alleges no existing relationship with a party. HRS § 658A-12(e) does not make the same presumption of evident partiality for a potential future relationship with a party's counsel.

We decline to adopt Madamba's proposed categorical position. *See Daiichi*, 103 Hawaiʻi at 341, 82 P.3d at 427 ("[N]ot all dealings rise to the level of creating the impression . . . of possible bias so as to warrant vacat[ur.]"). The facts of this case bear out our decision. The potential attorney-client relationship that, at furthest, remained inchoate during the pendency of arbitration was fostered by neither client nor attorney.

Pension Services Corporation ("PSC") was retained by Arbitrator Yim in the mid-1990s to maintain and administer personal retirement accounts on his behalf. PSC alone made the determination that Arbitrator Yim's pension plan restatement would be handled by one of two law firms, and eventually chose Cades. PSC negotiated the roughly $2,500 legal fee that would be charged to each client regardless of which law firm was assigned to the client. PSC advised that it would coordinate the necessary legal work with the selected firm. Apart from his expectation that the legal bills would be sent directly to him from Cades, Arbitrator Yim anticipated having no interaction with the law firm.

Such a relationship, practically speaking, was anticipated to be minimal at best. That it was also merely potential, and never consummated, further distances it from the sort of relationships found in cases where Hawaiʻi courts have concluded that evident partiality was established. See, e.g., *Kay*, 119 Hawaiʻi at 223, 194 P.3d at 1185 (arbitrator failed to disclose that she solicited one of the parties for donations);

*Valrose Maui*, 105 F. Supp. 2d at 1124 (arbitrator failed to disclose that he spoke with the attorney for one of the parties about the possibility of arbitrating an unrelated matter, but also, as a result, was actually engaged to do so); *Nordic PCL Const., Inc. v. LPIHGC, LLC*, No. CAAP-11-0000350, 2014 WL 624870 at *9-11 (Haw. Ct. App. Feb. 14, 2014) (sdo) (arbitrator had not disclosed that he was both engaged by one party's counsel's law firm as a neutral arbitrator in three separate matters during the pendency of arbitration proceedings and had an attorney-client relationship with that law firm in his trusteeship capacity). In contrast, while it should have been disclosed according to the rules to which the parties agreed, Arbitrator Yim's "relationship" with Cades lacked the significance, actuality, and contemporaneous nature of the relationships in those other cited cases. In light of its potential and "arms-length" nature, we conclude that Arbitrator Yim's failure to disclose his merely potential relationship with Cades did not amount to evident partiality.

We also find no error with the Circuit Court's decision to rule on Madamba's Motion to Vacate prior to Madamba having deposed Arbitrator Yim and various DPR personnel. Madamba sought their depositions in order to resolve alleged factual issues pertaining to whether Arbitrator Yim failed to disclose and also the manner and accuracy of disclosures once made. The Circuit Court agreed with Madamba that Arbitrator Yim had failed to disclose, but ultimately concluded that nondisclosure of the potential relationship did not amount to evident partiality. We agree and conclude that, in this circumstance, the depositions of Arbitrator Yim and DPR personnel were not warranted.

Hawaiʻi law states that the general rule precluding testimony from an arbitrator or a representative of an arbitration organization does not apply "[t]o a hearing on a motion to vacate an award under section 658A-23(a)(1) or (2) if the movant establishes prima facie that a ground for vacating the award exists." HAW. REV. STAT. § 658A-14(d)(2) (2013). Because we agree with the Circuit Court that the failure to disclose the potential relationship did not amount to evident partiality, and

because the material facts appear to be established and unchallenged as to that potential relationship, we conclude that a prima facie case to vacate the award has not been established.[4/] Thus, under HRS § 658A-14(d)(2), Madamba was not entitled to take the depositions of Arbitrator Yim or DPR personnel.

      C.    Attorneys' Fees

      Madamba contends that the Circuit Court erred in affirming Arbitrator Yim's award of attorneys' fees, arguing that the Contract did not provide for the award of attorneys' fees. The Contract, however, specified: "In case suit is instituted on this Contract, the prevailing party shall receive from the adverse party reasonable attorneys' fees . . . ." We find no error with the Circuit Court's confirmation of Arbitrator Yim's award of attorneys' fees.

      D.    Judgments

      Madamba asserts that the Judgment and Judgment for Attorneys' Fees and Costs were issued erroneously, based on his arguments, addressed *supra,* that the Order Confirming Final Award was issued in error. Because we have found no merit to those arguments, we find no error in the judgments.

      Therefore,

      IT IS HEREBY ORDERED that the August 27, 2012 Order Granting Respondents/Cross-Petitioners' Application to Confirm Final Award of Arbitrator; the August 27, 2012 Order Denying Motion to Vacate Final Award of Arbitrator Rendered on April 25, 2012, Filed April 30, 2012; the September 20, 2012 Judgment; the October 15, 2012 Order Granting Respondents/Cross-Petitioners'

---

    [4/]    Madamba also sought a jury trial on "factual issues related to the failure to disclose claim," citing to *Mehau v. Reed*, 76 Haw. 101, 107, 869 P.2d 1320, 1326 (1994), for the proposition that because it has a claim for damages it has a right to a jury trial. Here, however, the Circuit Court was not resolving the merits of a cause of action, but rather, was ruling on motions to either confirm or vacate an award, and was doing so pursuant to the statutory prescription that such motion is to be "heard in the manner provided by law or rule of court for making and hearing motions." HAW. REV. STAT. § 658A-5 (Supp. 2013). *Mehau* is therefore inapposite. More to the point may be whether an evidentiary hearing is necessary. *See Clawson v. Habilitat, Inc.* 71 Haw. 76, 79, 783 P.2d 1230, 1232 (1989). In *Clawson*, however, an evidentiary hearing was necessary only because material facts were in dispute. As noted above, the material facts here appear already to be established.

Motion for Attorneys' Fees and Costs; and the October 15, 2012
Judgment for Attorneys' Fees and Costs are affirmed.

DATED:  Honolulu, Hawaiʻi, May 23, 2014.


Samuel P. King, Jr.
for Movant/Cross-Respondent-
Appellant.

Presiding Judge

Michael C. Schwartz
(Keith Y. Yamada and
Andrew L. Salenger
on the briefs)

Associate Judge

(Cades Schutte LLP)
for Respondents/Cross
Petitioners-Appellees.

Associate Judge